In re: **GAIAM, INC., WATER BOTTLE MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION.**

**Erinn Tozer v. Gaiam, Inc., S.D. California, C.A. No. 3:09–2388**

**Daniel Smith v. Gaiam, Inc., D. Colorado, C.A. No. 1:09–2545.**

**MDL No. 2128.**

United States Judicial Panel on Multidistrict Litigation.

Feb. 4, 2010.

Before JOHN G. HEYBURN II, Chairman, ROBERT L. MILLER, JR., KATHRYN H. VRATIL, DAVID R. HANSEN,* W. ROYAL FURGESON, JR., FRANK C. DAMRELL, JR. and DAVID G. TRAGER, Judges of the Panel.

## ORDER DENYING TRANSFER

JOHN G. HEYBURN II, Chairman.

**Before the entire Panel\*:** Plaintiff in the Southern District of California action moves, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of this litigation in the District of Colorado or, in the alternative, the Southern District of California. The plaintiff's motion encompasses two actions pending, respectively, in the Southern District of California and the District of Colorado.

Plaintiff in the District of Colorado action supports the motion for centralization in the District of Colorado. Common defendant Gaiam, Inc. (Gaiam) does not oppose centralization if the Panel determines that the requirements of Section 1407 are met. If the Panel orders centralization, defendant Gaiam argues that the District of Colorado is the appropriate transferee district. At oral argument, all parties to these two actions agreed upon litigating in the District of Colorado.

Plaintiffs in MDL No. 1967—IN RE: Bisphenol–A (BPA) Polycarbonate Plastic Products Liability Litigation oppose the motion and argue that the Panel should transfer these two actions to the Western District of Missouri for inclusion in MDL No. 1967. All parties in the actions before the Panel, as well as defendants in MDL No. 1967,[1] oppose inclusion of these two actions in MDL No. 1967.

On the basis of the papers filed and hearing session held, we are not persuaded that Section 1407 centralization is necessary for the convenience of the parties and witnesses. The present litigation includes just three parties in two actions all of whom are cooperating and all of whom concur upon litigating in the same district. Counsel in both actions seem capable of using alternatives to transfer under Section 1407. *See, e.g., In re Eli Lilly and Co. (Cephalexin Monohydrate) Patent Litigation,* 446 F.Supp. 242, 244 (J.P.M.L. 1978); *see also Manual for Complex Litigation, Fourth,* § 20.14 (2004). Indeed, at oral argument, counsel for at least one plaintiff and defendant Gaiam seemed amenable to transfer for all purposes under Section 1404. Where there are only a limited number of actions and the involved parties are amenable to Section 1404

---

\* Judge Hansen took no part in the decision of this matter.

**1.** Responding defendants from MDL No. 1967 are Evenflo Co., Inc.; Philips Electronics North America Corp.; Gerber Products Co.; Handi–Craft Co.; Nalge Nunc International Corp.; Playtex Products, LLC; and RC2 Corp.

transfer, such transfer is generally preferable to centralization under Section 1407.

During this same hearing session the Panel considered a facially similar litigation and reached a different result. In reasonably close cases, slight differences in circumstances can be persuasive. MDL No. 2137—In re SIGG Switzerland (USA), Inc., Aluminum Bottles Marketing and Sales Practices Litigation, encompassed more groups of attorneys and more cases, including five actions in five separate jurisdictions and at least one potential tagalong action. Plaintiffs' attorneys overlapped in only two cases, and, while all parties supported centralization under Section 1407, plaintiffs favored litigating in different districts. None of them mentioned the possibility of a Section 1404 transfer.

Perhaps the most vigorous arguments concerned the possible inclusion of these cases within MDL No. 1967. We doubt that including these two actions in MDL No. 1967 would produce sufficient efficiencies or benefits for either group of cases. To begin, MDL No. 1967 is advanced, and these two new cases would not fit easily within it. True, all actions concern products that are alleged to contain BPA. The actions before the Panel, however, involve parties, facts and theories different from those in the actions in MDL No. 1967. Plaintiffs in MDL No. 1967 allege that various defendants manufactured, sold or distributed polycarbonate plastic bottle products containing BPA without disclosing its possible harmful effects. *See In re Bispheonol–A (BPA) Polycarbonate Plastic Products Liability Litigation,* 571 F.Supp.2d 1374 (J.P.M.L.2008). Plaintiffs in the two actions before the Panel, on the other hand, allege that Gaiam affirmatively misrepresented its reusable metal water bottles as free from BPA.

Moreover, all parties to the actions before the Panel and the defendants in MDL No. 1967 oppose inclusion of these actions in that litigation, and MDL No. 1967 has progressed for well over a year. Incorporating two actions only peripherally related to the claims in MDL No. 1967 at this stage would not serve the purposes of Section 1407.

IT IS THEREFORE ORDERED that the motion for transfer, pursuant to 28 U.S.C. § 1407, is denied.